# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |  | |
|---|---|---|---|
| KAYE MEDINA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | 4:17CV00824 AGF | |
| | ) | | |
| JASON HARDY, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM AND ORDER

Defendant Jason Hardy removed this pro se action from state court on the basis of federal officer removal, 28 U.S.C. § 1442(a)(1). The matter is now before the Court on a review of the propriety of removal, as well as on Defendant's motion to dismiss for lack of subject matter jurisdiction. For the reasons discussed below, the Court is not satisfied that removal is proper and declines to rule on Defendant's motion to dismiss until the propriety of removal is established.

## BACKGROUND

Plaintiff Kaye Medina filed a "Petition for Order of Protection – Adult" pro se in Missouri state court on February 21, 2017. In her petition, Plaintiff alleged that in February 2017 Hardy stalked, harassed, and coerced her. Plaintiff alleged that Defendant stalked her "internet connection at work," performed "major internet updates during her emotional cycles like a divorce," and used her "mental health records to break [her] down at work." ECF No. 3 at ¶ 12. Plaintiff stated that these events occurred at 1 Archives Drive, St. Louis, Missouri. The Court takes judicial notice that the National Personnel

Records Center ("NPRC") is located at this address.

In her petition, Plaintiff described Hardy as a "coworker." *Id.* at ¶ 9. She checked a box on the form petition indicating that the two had never resided together. *Id.* at ¶ 6. Plaintiff requested that the state court issue an order of protection restraining Hardy from "committing or threatening to commit domestic violence, sexual assault, molesting, or disturbing the peace of [Plaintiff] wherever [she] may be found," stalking Plaintiff, entering her dwelling, entering her place of employment, coming within 500 feet of her, and communicating with her in any manner. *Id.* at ¶ 15.

Plaintiff also checked additional boxes on the petition requesting various forms of monetary relief, namely that Defendant pay her monthly rent, pay a "reasonable fee" for housing and services for domestic violence victims, pay the cost of treatment for any injuries sustained by Plaintiff as a result of Defendant's conduct, and pay Plaintiff's court costs and attorney's fees. *Id.* at ¶¶ 20 - 28. Plaintiff requested that Defendant participate in counseling for batterers and that the order renew yearly unless Defendant requests a hearing reviewing the order. *Id.* at ¶ 29.

Defendant removed the case to this Court on March 3, 2017. Defendant asserted that federal jurisdiction was proper under 28 U.S.C. § 1442(a)(1), which provides, in relevant part, that a "civil action . . . that is commenced in a State court and that is against or directed to . . . the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" may be removed by the defendant to the district court of the United States for the district and

division embracing the place wherein it is was filed." In his notice of removal, Defendant claimed that the acts alleged against him were "causally related to his position as Chief, Management Systems Staff at NPRC of the National Archives and Records Administration and are 'acts under color of office.'" ECF No. 1 at ¶ 4.

On March 9, 2017, Defendant filed his motion to dismiss for lack of subject matter jurisdiction now under consideration. In his motion, Defendant first asserts that the Missouri statutes "cited by" Plaintiff's state court petition were not intended to address Plaintiff's "vague workplace complaints" and instead were intended to protect victims of domestic violence and stalking. ECF No. 1 at 3. Defendant additionally claims that "all contact between Medina and Hardy take place at the NRPC within the employer/employee relationship," and that Medina's petition would prevent Defendant from carrying out his duties as the Chief of Management Systems Staff by preventing Defendant from approaching Medina at the worksite, "contacting her via office-wide emails," and performing computer updates while Medina is employed at the NPRC.

Defendant then argues that the Court lacks subject-matter jurisdiction to hear this case. Defendant contends that because both Plaintiff and Defendant are federal employees and all of the behaviors complained of by Plaintiff occurred at their worksite, the only remedies available to Plaintiff are through the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. §7501, *et seq.,* and Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §2000, *et seq.,* statutes which pre-empt any state law claims Plaintiff may bring relative to her employment. Plaintiff, according to Defendant, failed to establish that she exhausted the administrative remedies under either statute, and she failed to cite any other

3

"statutory basis for jurisdiction in the state court." For these reasons, Defendant argues, this Court lacks subject matter jurisdiction and the case should be dismissed.

Plaintiff did not respond to Defendant's motion to dismiss, and the time to do so has passed.

## **DISCUSSION**

### **Removal**

The Court first addresses the propriety of federal officer removal of this action under 28 U.S.C. § 1442(a)(1). Lack of subject matter jurisdiction cannot be waived and can be raised by the court *sua sponte*. *Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993). Subsection 1442(d) provides, in relevant part, that the term "civil action" as used in subsection (a), "include[s] any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued," and courts have held that a state court petition for a protective order is a "civil action" under this definition. *See, e.g.*, *Haynie v. Bredenkamp*, No. 4:16-CV-773 (CEJ), 2016 WL 3653957, at *1 (E.D. Mo. July 8, 2016).

The Supreme Court has made clear that § 1442(a)(1) is to be "liberally construed," *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007). Four elements are required for removal under § 1442(a)(1): "(1) a defendant has acted under the direction of a federal officer; (2) there was a causal connection between the defendant's actions and the official authority; (3) the defendant has a colorable federal defense to the plaintiff's claims; and

(4) the defendant is a 'person,' within the meaning of the statute." *Jacks v. Meridian & Res. Co., LLC*, 701 F.3d 1224, 1230 (8th Cir. 2012) (citation omitted).

It appears that the first and fourth elements are met in this case. Defendant is a natural person and a federal employee. As Chief of Management Systems Staff at the NPRC, Defendant is or acts under the direction of a federal official or officer. Courts in this district have so held under similar circumstances when contemplating removal under § 1442(a)(1). *See Haynie*, 2016 WL 3653957, at *1; *Cubb v. Belton*, No. 4:15–CV–676 JMB, 2015 WL 4079077, at *2 (E.D. Mo. July 6, 2015). The Court also concludes that the second element is met, because the Plaintiff only complains of Defendant's conduct at the workplace. *See Cubb*, 2015 WL 4079077, at *2.

As to the third element, the Supreme Court has explained that "federal officer removal must be predicated on the allegation of a colorable federal defense," because a primary purpose of § 1442(a)(1) is to have a federal defense litigated in federal court. *Mesa v. California*, 489 U.S. 121, 129 (1989). This defense merely needs to be colorable; a defendant need not effectively win his case prior to removal. *Id.*

Defendant's notice of removal did not raise a federal defense, but Defendant does argue in his motion to dismiss that Title VII and the CSRA preempt any claims Plaintiff may bring regarding workplace issues. In proper circumstances, a defense of federal preemption may satisfy the fourth element of § 1442(a)(1). S*ee, e.g., Jacks*, 701 F.3d at 1235 (holding that claim that the Federal Employee Health Benefits Act preempted the plaintiff's state claim of insurance subrogation was a colorable federal defense). However, here, it is not clear how the Court fails to see how the preemptive effect of

Title VII or the CSRA applies to Plaintiff's state court petition for stalking and harassment. Plaintiff did not allege discrimination for Title VII preemption to apply, *see, e.g., Mathis v. Henderson*, 243 F.3d 446, 449 (8th Cir. 2001) (holding that a federal employee's state law gender discrimination claims were preempted by Title VII); nor an adverse "personnel action," such as a demotion or discharge, for CSRA preemption to apply, *see, e.g., Carter v. Kurzejeski*, 706 F.2d 835, 838-39 (8th Cir. 1983) (holding that a federal employee's constitutional claims regarding his discharge were preempted by the CSRA).

In cases where federal officer removal of a state court petition for an order of protection was found to be proper, the defendant relied upon the federal defense of sovereign immunity. *See, e.g., Patterson v. Wendel*, No. 91-3332, 1992 WL 389918, at *2 (7th Cir. Dec. 28, 1992); *Cubb,* 2015 WL 4079077, at *3; *Haynie*, 2016 WL 3653957, at *2; *Hearne v. Jones*, 2015 WL 3798113, at *1 (N.D. Ill. June 8, 2015); *but see Kelley v. Abram*, No. 16-CV-3830, 2017 WL 586360, at *2 (D. Minn. Feb. 13, 2017) (remanding a state court petition for a protection order alleging harassment at the workplace against a federal employee where the defendant was the plaintiff's co-worker and not her supervisor). In the present case, sovereign immunity was not asserted in the notice of removal or in the context of the motion to dismiss. Nor is it clear from the record whether Defendant is Plaintiff's supervisor.

Rather than remand the case to the state court in which it was filed, the Court will allow Defendant seven days from the date of this Memorandum and Order to supplement

his notice of removal (and/or his motion to dismiss).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2017.