UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAYE R. MEDINA, ) | |
| ) | |
| Plaintiff, ) | |
| V ) | Case No.   4:17CV00824AGF |
| ) | |
| JASON HARDY, ) | |
| ) | |
| Defendant. ) | |

## AMENDED NOTICE OF REMOVAL

Defendant, Jason Hardy, Chief, Management Systems Staff, National Personnel Records Center ("NPRC"), National Archives and Records Administration ("NARA")[1], by and through his attorneys, Carrie Costantin, Acting United States Attorney for the Eastern District of Missouri, and Nicholas P. Llewellyn, Assistant United States Attorney for said District, pursuant to 28 U.S.C. §§ 1446(a) & 1442(a)(1), and in response to this Court's Order of June 9, 2017, submits his Amended Notice of Removal, removing this action to the United States District Court for the Eastern District of Missouri, Eastern Division, on the following grounds:

1. Jason Hardy was a respondent in a civil action previously pending in the Circuit Court of Twenty First Judicial Circuit of the County of St. Louis, State of Missouri, Case No. 17SL-PN00875.

2. The action in state court against Jason Hardy alleged domestic violence, stalking, or sexual assault acts within the workplace against the petitioner Kaye R. Medina.  See Doc. 3 - Plaintiff's Petition.  Specifically, in paragraph 11 of her Petition, Plaintiff alleged that in "February, 2017 [Hardy] stalked me harassed me coerced me" while Plaintiff was working at the National Personnel Records Center.  In paragraph 12 of her Petition, Plaintiff alleged "Jason stalks my

---

1 Jason Hardy is a federal employee, and not a private individual acting at the direction of a federal officer.

internet connections at work and does major internet updates during my emotional cycles like a divorce.  He used my mental health records to break me down at work." Plaintiff was requesting that her "coworker"[2], Jason Hardy, be restrained from "committing or threatening to commit domestic violence, sexual assault, molesting, or disturbing the peace of [Medina] wherever [Medina] may be found; stalking [Medina]; entering the dwelling of [Medina] located at [blank in Petition]; entering onto the premises of the [Medina's] place of employment located at [blank in Petition]; come within 500 (feet) of the [Medina]; communicating with [Medina] in any manner or through any medium." Plaintiff also requested the Court to issue: an "Order that [Hardy] make or continue to make the rent or mortgage payments in the amount of $675 on the residence occupied by [Medina]; Order that [Hardy] pay [Medina's] rent at a residence other than the residence previously shared with Respondent, in the amount of $1000 per month; Order [Hardy] to pay a reasonable fee for housing and other services provided to [Medina] by a shelter for victims of domestic violence; and Order [Hardy] to pay the cost of medical treatment or services provided to [Medina] as a result of injuries sustained by an act of domestic violence committed by [Hardy]. See Plaintiff's Petition, ¶¶15, 20, 21, 22, 23

     3.     This Amended Notice of Removal is brought pursuant to 28 U.S.C. § 1442(a)(1). As set forth in 28 U.S.C.§ 1442(a)(1), a civil action commenced in a state court against the United States or "any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an individual capacity for any act under color of such office . . ." may be removed "to the district court of the United States for the district and division embracing the place wherein it is pending."

---

2 As Chief, Management Systems Staff of NPRC, one of Hardy's official duties is to notify employees, generally via group email, of various Information Technology ("IT") related issues, such as phishing attempts or spam to avoid, or upcoming IT upgrades that may affect their day-to-day work efforts.  Hardy is not a "coworker" but is the IT manager over all employees at NPRC.

4. The acts alleged against Jason Hardy are "acts under color of office" and are causally related to his position as Chief, Management Systems Staff at NPRC of the NARA. Medina did not allege any personal interaction between herself and Hardy, the Chief of Management Systems Staff. None of Medina's allegations concern conduct outside the workplace.

5. Hardy has no personal or domestic relationship with Medina and all contact between Medina and Hardy took place at the NPRC within the employer/employee relationship. While not Medina's direct supervisor, in his position as Chief, Management Systems Staff, Hardy works in a management position. Medina was attempting to prevent Hardy from approaching her or contacting her via office-wide emails, or performing any system-wide computer updates while Medina worked at the NPRC. Medina was attempting to prevent Hardy from performing his official duties as the Chief of Management Systems Staff while at work.

6. Defendant submits that sovereign immunity is not waived, based upon Plaintiff's failure to exhaust her administrative remedies under the Civil Service Reform Act ("CSRA") or Title VII. Additionally, Defendant submits that federal preemption is a colorable defense because there is no evidence of any grievance being filed by Plaintiff under the CSRA, nor is there any evidence of any Title VII claim alleging hostile work being filed by Plaintiff.

7. As required by 28 U.S.C. § 1446(a), "…a copy of all process, pleadings, and orders served upon such defendant…", were filed on March 3, 2017 with the Notice of Removal.

WHEREFORE, this action, previously pending in the Circuit Court of the Twenty-First Judicial Circuit of the County of St. Louis, State of Missouri, is removed to this Court.

Respectfully submitted,

CARRIE COSTANTIN
Acting United States Attorney

 /s/ Nicholas P. Llewellyn
NICHOLAS P. LLEWELLYN   Mo. #43839
Chief, Civil Division
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-7637
(314) 539-2287 FAX
Nicholas.llewellyn@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on June 14, 2017, a copy of the *Amended Notice of Removal* was filed electronically with the Clerk of the Court, and a copy was mailed to:

Kaye R. Medina
1211 Elkay Ct., Apt. 201
Highland, IL  62249
Plaintiff Pro Se

 /s/ Nicholas P. Llewellyn
NICHOLAS P. LLEWELLYN
Assistant United States Attorney