# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KAYE MEDINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:17CV00824 AGF |
| | ) | |
| JASON HARDY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant Jason Hardy removed this pro se action from state court on the basis of federal officer removal, 28 U.S.C. § 1442(a)(1). The matter is now before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction. For the reasons discussed below, the motion to dismiss will be denied.

## BACKGROUND

Plaintiff Kaye Medina filed a form "Petition for Order of Protection – Adult" pro se in Missouri state court on February 21, 2017. On the bottom of the form, sections of Missouri's Adult Abuse Act, Mo. Rev. Stat. § 455.010, et seq., are cited. In her petition, Plaintiff alleged that Defendant Jason Hardy, who she described as a "coworker," coerced, stalked, and harassed her. Plaintiff further alleged that Defendant stalked her "internet connection at work," performed "major internet updates during her emotional cycles like a divorce," and used her "mental health records to break [her] down at work." Plaintiff stated that these events occurred at her place of employment, 1 Archives Drive, Spanish Lake, Missouri, 63138. The Court takes judicial notice that the National

Personnel Records Center is located at this address.

In her petition, Plaintiff requested that the court issue an order of protection restraining Defendant Hardy from "committing or threatening to commit domestic violence, sexual assault, molesting, or disturbing the peace of [Plaintiff] wherever [she] may be found," stalking Plaintiff, entering her dwelling, entering her place of employment, coming within 500 feet of her, and communicating with her in any manner. Plaintiff also checked additional boxes on the petition form requesting various forms of monetary relief, namely that Defendant pay her monthly rent, pay a "reasonable fee" for housing and services for domestic violence victims, pay the cost of treatment for any injuries sustained by Plaintiff as a result of Defendant's conduct, and pay Plaintiff's court costs and attorney's fees. Plaintiff requested that Defendant participate in counseling for batterers and that the order of protection renew yearly unless Defendant requested a hearing to review the order.

Defendant removed the case to this Court on March 3, 2017. Defendant asserted that removal was proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[1] In his notice of removal, Defendant claimed that the "acts alleged against [Defendant] Jason Hardy [were] causally related to his position as Chief, Management Systems Staff at NPRC of the National Archives and Records Administration and are

---

[1] This statute provides, in relevant part, that a "civil action . . . that is commenced in a State court and that is against or directed to . . . the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is was filed." 28 U.S.C. § 1442(a)(1)

'acts under color of office.'"

On March 9, 2017, Defendant filed the motion to dismiss for lack of subject matter jurisdiction now under consideration. In support of his motion Defendant first asserts that the Missouri statute cited in Plaintiff's state court petition form does not apply to Plaintiff's "vague workplace complaints" and instead was intended to protect victims of domestic violence and stalking. ECF No. 5 at 3. Defendant argues that Plaintiff's petition would prevent Defendant from carrying out his duties as the Chief of Management Systems Staff by preventing him from approaching Medina at the worksite, contacting her via office-wide emails, and performing computer updates on her computer at work.

Defendant then argues that the Court lacks subject-matter jurisdiction to hear this case. Defendant contends that because both Plaintiff and Defendant are federal employees and all of the behaviors complained of by Plaintiff occurred at their worksite, the only remedies available to Plaintiff are through the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. §7501, et seq., and Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §2000, et seq., statutes which pre-empt any state law claims Plaintiff may bring relative to her employment. Plaintiff, according to Defendant, failed to establish that she exhausted the administrative remedies under either statute, and she failed to cite any other "statutory basis for jurisdiction in the state court." For these reasons, Defendant argues, this Court lacks subject matter jurisdiction and the case should be dismissed.

By Order dated June 9, 2017, the Court *sua sponte* considered the propriety of federal officer removal, noting that in the notice of removal, Defendant did not raise a

"colorable federal defense," as required for federal officer removal. The Court considered Defendant's assertion in support of his motion to dismiss that Title VII and the CSRA preempted any claims Plaintiff may bring regarding workplace issues, but the Court stated that it failed to see how the preemptive effect of Title VII or the CSRA applied to Plaintiff's state court petition for stalking and harassment which was not linked to any form of discrimination or adverse personnel action, such as a demotion or discharge. The Court gave Defendant the opportunity to supplement his notice of removal and/or his motion to dismiss.

Defendant has now filed an amended notice of removal, and the Court is satisfied that he adequately asserts sovereign immunity as a federal defense to support federal officer removal here. Defendant did not supplement the motion to dismiss. In his amended notice of removal, Defendant added that as Chief, Management Systems Staff, he is the IT manager over all employees at his worksite though he is not a direct supervisor over Plaintiff.

Plaintiff did not respond to Defendant's motion to dismiss.

## **DISCUSSION**

"Jurisdictional issues, whether they involve questions of law or fact, are for the court to decide." *United States v. Osborn*, 918 F.2d 724, 729 (8th Cir. 1990). "[T]o properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, the plaintiff's allegations "are presumed to be true, and the motion is

4

successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.*

Defendant's only ground for dismissal for lack of jurisdiction remains Plaintiff's failure to exhaust administrative remedies available under Title VII and the CSRA. But as explained in the Court's Order of June 9, 2017, this is not a viable defense in this case, because the current record before the Court does not suggest a link between Plaintiff's allegations and any form of discrimination, for Title VII's preemptive power to apply; or between her allegations and a supervisor's "prohibited personnel practice," for the CSRA's preemptive power to apply. *See Mosely v. Armstrong*, No. 2:11CV435 JVB, 2013 WL 1281803 (N.D. Ind. Mar. 26, 2013) (holding that a state court petition that sought to protect the plaintiff, a federal employee, from his supervisor stalking him or causing him physical harm, did not equate to a personnel matter that was preempted by the CSRA; "If Plaintiff decides to turn this matter into an employment dispute, he will be prohibited from doing so" because such a claim would be preempted by the CSRA and subject to dismissal). The Court notes again, as stated above, that Defendant asserts he is not Plaintiff's supervisor.

The question now is whether Defendant has presented a legally sufficient argument to support his motion to dismiss, even though he has sufficiently averred a colorable defense as the basis for federal officer removal. *See North Carolina v. Cisneros*, 947 F.2d 1135, 1139 (4th Cir. 1991) (citation omitted). Defendant has not done so. To the extent Defendant is arguing that Plaintiff fails to state a claim under Federal Rue of Civil Procedure 12(b)(6) because the Missouri statutes cited on the order

5

of protection form do not apply to her allegations, this argument is without merit. *See, e.g., Leimkuhler v. Gordon*, 297 S.W.3d 622, 624 (Mo. Ct. App. 2009) (noting that Missouri's Adult Abuse Act reaches allegations of stalking by a co-worker).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **DENIED**. ECF No. 4.

                                                     AUDREY G. FLEISSIG
                                                   UNITED STATES DISTRICT JUDGE

Dated this 27th day of June, 2017.